Chester Earl OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–099 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 17, 1986.

Discretionary Review Refused
March 25, 1987.

Willard J. Hall, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant was indicted in 1984 for burglary of a habitation. He pleaded guilty and received a sentence of ten years in the Texas Department of Corrections. The sentence was probated, subject to appellant's observance of several conduct requirements. Subsequently, the State filed a motion to revoke the probation, which the trial court granted, and ordered appellant to the Jefferson County Adult Restitution Center. In May, 1986, a hearing was conducted in which the State offered evidence that appellant had violated rules and procedures of the restitution center. Following this hearing, the court sentenced appellant to ten years in the Texas Department of Corrections, from which appellant has perfected appeal to this court on one point of error, to-wit: appellant's commitment to the restitution center is void.

The argument is: "Our record is completely void of the legal requisites of a commitment to the Restitution Center", as required by *TEX. CODE CRIM.PROC. ANN. art. 42.12, sec. 6e* (Vernon Supp. 1986).[1]

Appellant's argument is quite novel and well stated and, if upheld by this court, would require a convicted defendant's consent before the trial court was authorized to place him in a restitution center.

However, we do not reach that decision. The statement of facts we have is from the hearing to establish whether appellant had violated the rules of the center, as prohibited by the court's judgment. We do not have the entire record, or any of the statement of facts, if such there be, of the hearing resulting in appellant's being placed in the restitution center. The burden to establish any irregularity in the trial court's decision to place appellant into the restitution center would be on the appellant. *See, generally,* 25 TEX.JUR.3d

---

1. *Subsection (a)(3)* speaks of defendant's *requesting,* before sentencing, certain special issues, *(A) and (B),* which, (4) if answered in the negative, and the court determines *(5)* that defendant does not have an extensive history of drug or alcohol abuse and is employable, so that the judge may impose probationary sentence under this section as an alternative to "shock probation" under *section 3e.*

*Criminal Law* sec. 3559, at 492–494 (1983). If appellant desired to make a motion to arrest the judgment of the trial court revoking his probation and placing him in the restitution center, he should have complied with *TEX. CODE CRIM.PROC.ANN. art. 41.02* (Vernon Supp.1986). This point of error is overruled.

The judgment of the trial court is affirmed.